**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT FLORIDA**
**TAMPA DIVISION**

RAVI KUMAR,

Plaintiff,

vs. CASE NO. 8:12-CIV-2898-EAK-AEP

CHASE as Trustee for JPMORGAN CHASE BANK, N.A., et al.,

Defendants.
________________________________/

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

This cause is before the Court on Defendant, GMAC Mortgage, LLC's, motion to dismiss (Doc. 23); Defendants, JP Morgan Chase Bank, N.A. for itself and as Trustee for JPMorgan Chase Bank, and Mortgage Electronic Registration Systems, Inc.'s, motion to dismiss or for a more definite statements (Doc. 12 and 22); and Defendant, Wells Fargo Bank, N.A.'s, motion to dismiss (Doc. 20). Despite the Court giving the Plaintiff an opportunity to file appropriate responses to the motions to dismiss at Document 12, 23, and 22, the Plaintiff has failed to file any response. The Plaintiff did file a response to the motion at Document 20. Having reviewed the pending motions, the single response, and the file in this case, the Court finds that the motions to dismiss should be granted and it chooses to abstain under the *Colorado River* abstention doctrine. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff's complaint set out a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and internal quotation marks omitted).

Therefore, to survive a defendant's motion to dismiss, the plaintiff's complaint "must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). In considering a motion to dismiss under this plausibility standard, courts follow a two-pronged approach. First, a court must "eliminate any allegations in [a] complaint that are merely legal conclusions." *Id.* at 1290 (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). Then, a court must take any remaining well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (citing *Iqbal*, 129 S. Ct. at 1950)) (internal quotation marks omitted). In sum, Rule 8's pleading standard "does not require 'detailed factual allegations,' but demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

**DISCUSSION**

The Plaintiff filed his complaint seeking declaratory relief, injunctive relief, and quiet title relief as to the moving parties as well as Bank of America and Does 4-10. The action stems from a foreclosure action as to property in the Plaintiff's possession and the claims of the Plaintiff that these defendants do not have authority to foreclose upon the property.[1] This case is similar to the case of *Hendricks v Mortgage Electronic Registration Systems, Inc*., 25,2013 WL 1279035 (M.D. Fla. March 28, 2013) and like the court in *Hendricks* this Court finds that abstention is appropriate. The Court cites with approval the arguments of the defendants in their motions to dismiss and adopts the reasoning as urged by the Defendants and as supported by the *Hendricks* order. Accordingly, it is

**ORDERED** that the motions to dismiss (Docs. 12, 20, 22, and 23) be **granted** and this cause of action is dismissed. The Clerk of Court is directed to close this case and to terminate any pending motions.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 8th day of May, 2013.




[1] The Court takes notice that the state foreclosure action was filed on October 5, 2011, more than fourteen motions before this instant action was filed.

Copies to: All parties and counsel of record